UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                        Case Number 11-20445
v.                                  Honorable Thomas L. Ludington

D-4 MITCHELL CLAPPER,

      Defendant.
_____/

## ORDER CANCELLING HEARING AND DENYING DEFENDANT'S MOTION FOR SEPARATE TRIAL

Defendant Mitchell Clapper was indicted by grand jury on one count of uttering counterfeit securities and aiding and betting uttering counterfeit securities. ECF No. 3. Three other co-defendants were indicted on similar charges. Now before the Court is Defendant Clapper's motion for separate trial pursuant to Federal Rule of Criminal Procedure 14. ECF No. 43. The government opposes Clapper's motion. ECF No. 45.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(f)(2). For the reasons provided herein, Clapper's motion will be denied.

**I**

"In general, 'there is a preference in the federal system for joint trials of defendants who are indicted together.'" *Ross v. United States*, 339 F.3d 483, 493 (6th Cir. 2003) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993). The preference for joint trials is based on the fact that

"[t]hey promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.' " *Zafiro*, 506 U.S. at 537 (*quoting Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).

Pursuant to Federal Rule of Criminal Procedure 14, a court may order separate trials if there is a risk of undue prejudice. After co-defendants have been properly joined, a district court should grant a motion for severance under Rule 14 if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539. Motions to sever may also be granted for prejudicial reasons when there is a complex case involving different degrees of culpability amongst the co-defendants. *Kotteakos v. United States*, 328 U.S. 750, 774-75 (1946). Before a claim for severance will be granted, "the defendant has a heavy burden of showing specific and compelling prejudice from having a joint trial." *United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000).

Even where joinder of defendants or counts is technically proper, severance is required when it is necessary to safeguard the defendant's right to a fair trial. *United States v. Wirsing*, 719 F.2d 859 (6th Cir. 1983). Furthermore, it is proper to conduct separate trials where highly inflammatory evidence will be introduced against some, but not all of the co-defendants. *United States v. Berining*, 70 F.3d 850, 853 (6th Cir. 1995). A district court should grant a severance if there is a risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. "Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant." *Zafiro*, 506 U.S. at 539 (1993).

Clapper contends that he intends to testify that he obtained three twenty-dollar bills from

Shawn Iafrate, his cousin and co-defendant, and spent the money at Deja Vu, a local entertainment venue. Clapper contends he did not know that the funds he borrowed from his cousin were counterfeit monies. Clapper also submits that "statements" were given to police officials that he had borrowed money from his cousin but did not know they were counterfeit. Clapper does not disclose who made these statements to the police. Clapper also generally asserts that his defense that he did not know the funds he received were counterfeit would be antagonistic to his co-defendants' defenses and disclosure of his lack of knowledge may involve violations of *Bruton v. United States*, 391 U.S. 123, 127-28 (1968), and *Crawford v. Washington*, 541 U.S. 36 (2004). Generally, antagonistic defenses are defenses that could confuse or mislead the jury. *United States v. Horton*, 847 F.2d 313, 317 (6th Cir. 1988). Clapper has not explained how his defense might be in conflict with that of his co-defendants, or how those differences between the defenses of the co-conspirators would confuse or mislead a jury during a joint trial.

Clapper also claims that his defense may cause *Bruton* and *Crawford* issues. In *Bruton*, the court found that an extrajudicial statement added critical weight to the Government's case in a form that was not subject to cross-examination, and therefore denied the defendant his constitutional right to cross-examination. *Bruton*, 391 U.S. at 127-28; *see also Crawford*, 541 U.S. at 42 (discussing the defendant's Sixth Amendment right to confront witnesses against him). Clapper states that his defense will be that he did not know the securities were counterfeit, and that statements given to police corroborated his defense. Clapper has not disclosed who made an extrajudicial statement against him, and why he would be unable to cross-examine that person at trial. Moreover, these statements do not provide evidence against Clapper, but evidence in his favor. Clapper has thus not satisfied his burden of showing "specific and compelling prejudice from having a joint trial." *Tocco*, 200 F.3d at 413.

**II**

Accordingly, it is **ORDERED** that Defendant Clapper's motion for separate trial (ECF No.

43) is **DENIED**.

                       s/Thomas L. Ludington
                       THOMAS L. LUDINGTON
                       United States District Judge

Dated: December 1, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 1, 2011

                s/Tracy A. Jacobs
                TRACY A. JACOBS